UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PACIFIC WESTERN BANK,

          Plaintiff,

v.                                      Case No. 12-0246-CM

JAMES L. OSBORN, JR., et al.,

          Defendants.

## ORDER

This case arises from an arbitration award against defendants,[1] which was confirmed by this court on March 5, 2013 (doc. 10). Plaintiff Pacific Western Bank seeks to discover information regarding assets with which to execute and satisfy the judgment. Defendants object because they allege the information requested requires the disclosure of privileged and protected material. Pending before the court are two related motions: defendants' motion to quash a subpoena served by plaintiff upon defendants' accounting firm, BKD, L.L.P. ("BKD") **(doc. 27)** and plaintiff's motion to compel BKD and BKD's employee, Kathy Laursen, to comply with the subpoena **(doc. 31).** For the reasons discussed below, both motions are denied.

Plaintiff filed an application for order confirming an arbitration award against defendants on September 26, 2012 (doc. 1). On March 5, 2013, the court entered an

---

[1] Reference in this order to "defendants" is only to defendants James L. Osborn, James L. Osborn Jr. Trust U/A Dated November 2, 1990, Osborn Land & Cattle Co., L.L.C., and Osborn Properties, L.L.C.

order (doc. 10) and judgment (doc. 11), confirming the arbitration award against defendants for $2,519,076.47. Plaintiff served post-judgment discovery on defendants on July 31, 2013 (doc. 14). Plaintiff asserts that none of the defendants have responded to the discovery requests to date. On August 23, 2013, plaintiff issued a subpoena duces tecum upon defendants' accounting firm, BKD, and BKD's employee, Kathy Laursen, asking them to testify and produce documents concerning defendants' finances. Plaintiff asserts that it served the post-judgment discovery and filed the subpoenas at issue in an attempt to locate assets against which plaintiff can execute and satisfy the judgment. On September 25, 2013, BKD served plaintiff with objections to the subpoena. Shortly after, defendants filed a motion to quash the subpoena, incorporating BKD's objections by reference. In response, plaintiff filed an opposition to the motion to quash (doc. 30) and a motion to compel (doc. 31).

> D. Kan. Rule 37.2 provides, in pertinent part:
>
> The court *will not entertain* any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena … unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. …
>
> A "reasonable effort to confer" means more than mailing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

This requirement encourages parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[2] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[3]

There has been no representation by plaintiff or defendants that they attempted to comply with this rule prior to filing their motions. Accordingly, the court denies the instant motions on this basis. If this dispute is not resolved after the parties make a reasonable effort to confer, they may file amended motions which include a certificate that describes "with particularity the steps taken by all attorneys to resolve the issues in dispute."[4]

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel **(doc. 31)** is denied without prejudice to be reasserted if the attempts to confer are unsuccessful.

---

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[3] *Pulsecard, Inc. v. Discover Card Servcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).

[4] *See* D. Kan. Rule 37.2.

2. Defendants' motion to quash **(doc. 27)** is denied without prejudice to be reasserted if the attempts to confer are unsuccessful.

Dated October 21, 2013 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge