UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PACIFIC WESTERN BANK,

                Petitioner,

v.                                                     Case No. 12-0246-CM

JAMES L. OSBORN, JR., et al.,

                Respondents.

## **ORDER**

An arbitration award was confirmed against the respondents[1] and a judgment was entered on March 5, 2013, awarding petitioner approximately $2.5 million plus interest and other fees and costs (ECF docs. 10-11). After respondents failed to pay the judgment, the petitioner, Pacific Western Bank, served post-judgment discovery. Petitioner seeks to discover information regarding assets with which to execute and satisfy the judgment. Pursuant to an agreed extension of time, respondents' answers to the discovery requests were due by September 23, 2013.[2] On at least three separate occasions, petitioner's counsel contacted counsel for respondent James L. Osborn, Jr., concerning the status of the post-judgment discovery responses.[3] On November 6, 2013,

---

[1] Reference in this order to "respondents" is only to respondents James L. Osborn, Jr., Osborn Properties, LLC, OE Management, LLC, and Osborn Energy, LLC.

[2] ECF doc. 42-2 at 2.

[3] *Id.* at 2-3.

James L. Osborn, Jr., served his responses to petitioner's interrogatories and Osborn Properties, LLC served its responses to petitioner's document requests.[4] On November 12, 2013, James L. Osborn, Jr., served his responses to petitioner's document requests.[5] Respondents OE Management, LLC and Osborn Energy, LLC have neither responded to the discovery requests nor have they entered an appearance. Petitioner has filed a motion to compel OE Management, LLC and Osborn Energy, LLC to respond to the post-judgment discovery (**ECF doc. 41**). In addition, petitioner asks the court to waive respondents' objections to the post-judgment discovery as untimely.

Continuing their practice of inactivity in this case, respondents have not responded to petitioner's motion to compel. D. Kan. Rule 7.4(b) provides, "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." The instant motion was filed on November 19, 2013. Any response was required to be filed by December 3, 2013. Accordingly, the court considers the instant motion unopposed, and it is granted. Respondents OE Management, LLC and Osborn Energy, LLC are hereby ordered to respond to petitioner's post-judgment discovery requests by **December 20, 2013**. Respondents' objections to the post-judgment discovery are deemed waived. As necessary, respondents James L.

---

[4] *Id.* at 5.

[5] *Id.*

O:\ORDERS\12-0246-CM-41.docx

2

Osborn, Jr., and Osborn Properties, LLC shall supplement their answers to petitioner's post-judgment discovery to include information excluded because of their general objections by **December 20, 2013**.

IT IS SO ORDERED.

Dated December 4, 2013 at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U. S. Magistrate Judge