UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PACIFIC WESTERN BANK,

          Petitioner,

v.                                             Case No. 12-0246-CM

JAMES L. OSBORN, JR., et al.,

          Respondents.

## **ORDER**

On March 5, 2013, a judgment was entered against respondents,[1] awarding petitioner Pacific Western Bank approximately $2.5 million plus interest and other fees and costs (ECF docs. 10-11). Respondents failed to pay the judgment. Subsequently, petitioner served post-judgment discovery to gather information regarding respondents' assets with which to execute and satisfy the judgment. Because respondents failed to adequately respond to the discovery, petitioner filed a motion to compel on November 4, 2013. In ruling on petitioner's motion, the undersigned ordered respondents to answer or otherwise supplement their answers to petitioner's post-judgment discovery requests by December 20, 2013.[2] To date, Osborn Energy, LLC ("Osborn") has neither responded to the discovery requests nor has it entered an appearance. James L. Osborn, Jr. ("Mr.

---

[1] Reference in this order to "respondents" is only to respondents James L. Osborn, Jr. and Osborn Energy, LLC.

[2] ECF doc. 47.

Osborn") supplemented his responses but did not include bank statements that were requested, nor did he verify that, with the exception of the outstanding bank statements, he has produced all responsive documents in his possession, custody, or control. The matter is currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on petitioner's motion to compel and for sanctions **(ECF doc. 60)**.

Petitioner seeks to compel Mr. Osborn to produce his personal bank statements. Despite the court's order setting a December 20, 2013 deadline to supplement discovery responses, Mr. Osborn did not request responsive bank statements from his financial institutions until January 10, 2014. Petitioner still has not received Mr. Osborn's bank statements. Mr. Osborn has also failed to verify that he has produced all responsive documents in his possession, custody, or control.

Continuing his practice of inactivity in this case, Mr. Osborn has not responded to petitioner's motion to compel. D. Kan. Rule 7.4(b) provides, "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." The instant motion was filed on January 17, 2014. Any response was required to be filed by January 31, 2014. Although Mr. Osborn's counsel withdrew his appearance on February 6, 2014,[3] Mr. Osborn has had legal representation throughout the time that he was required to respond. Furthermore, Mr.

---

[3] ECF doc. 66.

Osborn certified that he received notice of his counsel's withdrawal and he has had ample time to find substitute counsel, if necessary. Accordingly, the court considers the instant motion unopposed, and it is granted. Mr. Osborn is hereby ordered to respond to petitioner's post-judgment discovery requests by producing his personal bank statements and any other responsive documents no later than **March 14, 2014**. Within his response, Mr. Osborn shall verify that he has no other responsive documents in his possession, custody, or control.

Petitioner also seeks sanctions against Osborn pursuant to Fed. R. Civ. P. 37(b). Rule 37(b) governs sanctions for failure to comply with an order of the court to provide or permit discovery. The court should diligently apply sanctions under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter those who might be tempted to such conduct in the absence of such a deterrent.[4] The district court is afforded wide discretion in choosing an appropriate sanction.[5]

On December 4, 2013, the undersigned ordered Osborn to respond to petitioner's post-judgment discovery requests by December 20, 2013. As indicated above, Osborn has not responded to petitioner's discovery requests nor has counsel entered an appearance on behalf of Osborn. Unsurprisingly, Osborn has failed to timely respond to

---

[4] *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (citing *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996)).

[5] *Cardenas v. Dorel Juvenile Group, Inc.*, No. 04-2478, 2006 WL 1537394, at *5 (D. Kan. June 1, 2006) (citing *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)).

the instant motion. Therefore, the court will consider and decide petitioner's motion for sanctions as an uncontested motion.[6]

Osborn has disregarded the court's December 4, 2013 order. Osborn's failure to participate in this case and comply with this court's order has caused unnecessary delay and increased expenses. Such delays disrupt the judicial process. Given the history of the case and Osborn's blatant disregard for the court's order, the court finds that a monetary sanction is appropriate. Osborn shall monetarily compensate petitioner for costs and expenses, including attorneys' fees, incurred in connection with the filing of the instant motion for sanctions by **March 21, 2014**.

The parties are encouraged to confer and reach agreement on the amount of attorney's fees Osborn will pay petitioner in connection with this dispute. In the hopefully unlikely event the parties cannot reach an agreement, by **March 10, 2014**, petitioner shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) it sustained in regard to filing and briefing the motion for sanctions. Thereafter, Osborn may, if it believes it necessary, file a response to petitioner's filing by **March 14, 2014**.

In addition to the sanctions imposed herein, Osborn is specifically warned that further noncompliance with orders of the court or discovery obligations may result in harsher sanctions, including being held in contempt of court.

---

[6] *See* D. Kan. Rule 7.4(b).

O:\ORDERS\12-0246-CM-60.docx

4

IT IS SO ORDERED.

Dated February 27, 2014 at Kansas City, Kansas.

                                                   s/ James P. O'Hara
                                                  James P. O'Hara
                                                  U. S. Magistrate Judge

O:\ORDERS\12-0246-CM-60.docx

5